# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RECARDO G. TURNER,<br><br>    Plaintiff,<br><br>   v.<br><br>J. McCALL, et al.,<br><br>    Defendants. | 1:13-cv-01611-LJO-BAM (PC)<br><br>ORDER DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br><br>(ECF Nos. 1, 2, 17)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Plaintiff Anthony Recardo G. Turner ("Plaintiff"), inmate number G-27511, is a state prisoner proceeding pro se.  Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 23, 2013, in the United States District Court for the Northern District of California.  On October 1, 2013, the action was transferred to the Fresno Division of the Eastern District of California.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**II.    28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.   DISCUSSION

A review of the actions filed by Plaintiff reveals that he was subject to 28 U.S.C. § 1915(g) at the time he filed this case on July 23, 2013.  The Court takes judicial notice of Turner v. Cates, et al., 2:11-cv-01744-CKD, in which Plaintiff was found to be subject to 1915(g) prior to June 29, 2011.  In that action, the court found Plaintiff had at least three cases that qualified as strikes:  CIV-S-08-2087 EFB P; Ninth Circuit Case No. 11-15044; and CIV-S-09-3326 FCD DAD P.  The Court also takes judicial notice of three additional cases filed in this district that qualify as strikes and that were all entered before Plaintiff filed this action: (1) Turner v. Thomas, et al., 2:10-cv-02369-MCE-EFB (dismissing action with prejudice for failure to prosecute and failure to state a claim on July 9, 2012); (2) Turner v. Gibson, et al., 1:11-cv-01395-GBC (dismissing action with prejudice for failure to state a claim on April 13, 2012); and (3) Turner v. Hubbard, et al., 1:11-cv-01670-DLB (dismissing action for failure to obey court order and failure to state a claim on November 21, 2012).

Plaintiff therefore is precluded from proceeding in forma pauperis in this action unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.  The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception.  Plaintiff has alleged past incidents of alleged harm, but has not plausibly alleged that he was under imminent danger of serious physical injury at the time he filed his complaint.  Plaintiff's general assertions that he continues to "suffer serious physical injuries" is not sufficient.  (ECF No. 1, pp. 8, 17.)  Further, Plaintiff's allegations that his mere placement in the Security Housing Unit ("SHU") with violent prisoners jeopardizes his life, safety and security and he can be "set up and killed" are nothing more than speculation.  (ECF No. 1, pp. 11, 16.)  Plaintiff has not alleged any facts identifying a specific, present threat to his

life or safety at the time of filing his complaint.  Accordingly, Plaintiff may not proceed in forma pauperis, and must submit the appropriate filing fee in order to proceed with this action.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is DENIED;
2. This action is DISMISSED without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **October 29, 2013**              **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE